**LIBBEY–OWENS–FORD GLASS COM-PANY, Appellant,**

v.

**THERMOPROOF GLASS COMPANY, Appellee.**

**Patent Appeal No. 7839.**

United States Court of Customs and Patent Appeals.

Feb. 15, 1968.

John A. Blair, Bruce G. Klaas, Harness, Dickey & Pierce, Detroit, Mich., for appellant.

William C. McCoy, Jr., McCoy, Greene & Howell, Cleveland, Ohio, for appellee.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, 147 USPQ 109, dismissing the opposition of appellant, since at least 1934 the owner and registrant [1] of the trademark THERMOPANE for various kinds of glass and glazing units including multiple glass sheet thermal glazing units, to the registration on the Principal Register of Therm-O-Proof (in somewhat distinctive script-form type) for "insulating glass," application serial No. 140,402, filed March 21, 1962, claiming first use February 22, 1962.

The board found, on the basis of voluminous evidence, that opposer's THERMOPANE mark is well known in the trade and to the public generally as an indication of origin for insulating glass and that opposer possesses a substantial property right therein. It found further that the applicant's market for its Therm-O-Proof insulating glass is the same as opposer's. It found priority of use in opposer.

The sole question in the case is whether the marks of the parties so resemble each other that their concurrent use on identical goods is likely to cause confusion or mistake or to deceive under section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d). The board concluded they do not largely on the basis that "thermo" is a descriptive term and that "pane" and "proof" are "distinctly different in every material respect," wherefore the difference between the marks is sufficient to obviate such likelihood. At the same time the board at least gave lip service to the principle, which we approve, that the case must be decided by comparison of the "unitary designations."

We have previously considered the likelihood of confusion between Libbey-Owens-Ford's THERMOPANE and a mark quite similar to appellee's, namely, Therm-O-Lite, Libbey-Owens-Ford Glass

1. Registration Nos. 318,234, Oct. 16, 1934, and 386,704, April 22, 1941, both renewed.

Co. v. General Aluminum Window Co., 275 F.2d 947, 47 CCPA 833 (1960), wherein we reversed a decision of the Assistant Commissioner of Patents dismissing an opposition to the registration of Therm-O-Lite for aluminum combination screen and storm windows and doors. The board made no mention of that case. While precedents may not usually be of much value in deciding trademark oppositions, we think we would be highly inconsistent were we to affirm in this case. In the Therm-O-Lite case there was a considerable difference in the goods, insulating double-glass window units sold under the opposer's mark and aluminum-framed storm windows and doors by the applicant. Here the goods are identical. We are in an "a fortiori" situation insofar as the goods are concerned. So are we as to the marks. The marks here involved resemble each other somewhat more closely than did the marks in the prior case in that here both final syllables begin with "P". They therefore both look and sound more alike than the pair of marks we previously considered and found likely to cause confusion.

We do not, however, decide this case merely out of a desire to be consistent. We think the merits of the record in this case and the reasoning applied in the former case require a reversal and that the reasoning of the board herein was in error in certain critical respects.

There is some evidence of actual confusion in the record consisting of the story of one homeowner who was confused between THERMOPANE and Therm-O-Proof windows. The story is submitted by appellant not only as evidence of actual confusion but as illustrative of a situation showing how and why confusion is likely. The board was critical of the evidence on the basis that the homeowner was confused because he was "an inattentive or a careless purchaser." Assuming he was, not a few purchasers are and that is how confusion occurs.

The board also seems to have harbored the thought that THERMOPANE may be a "weak" mark because "thermo" is in the dictionary, descriptive in a sense,

and in any event clearly suggestive. We think THERMOPANE is a strong and well-established mark, notwithstanding the fact that "pane" is also purely descriptive. The board decided likelihood of confusion by "considering the nature of the term 'Thermo' and that 'Pane' and 'Proof' are distinctly different in every material respect * * *." We deem that to have been the wrong approach, the correct one being to consider THERMOPANE and Therm-O-Proof as entireties and whether the purchasing public is likely to confuse them, taking into account the normal fallibility of memory over what may be a considerable period of time. Insulating windows are not something purchasers buy with frequency if they are in the homeowner rather than the builder or dealer category. Homeowners are here an important segment of the purchasers of the goods involved.

The decision of the board is reversed.

Reversed.

WORLEY, C. J., concurs in the result.

KIRKPATRICK, J., took no part in the decision of this case.